Deaderick, J.,
delivered the opinion of the Court.
The plaintiff, John C. Burts, brought an action of *421 assumpsit against the defendant, in the Circuit .Court of Jefferson county, upon the following instrument:
“I have this day bought a negro man, named Henderson, from John C. Burts, for which I have agreed to pay twelve hundred dollars, as the bill of sale will more fully show; and I hereby agree and bind myself, when the sum of five hundred and seventy-five dollars shall be paid to me, Avhich I have this day paid upon the price of said negro, to make a bill of sale of said negro to Mary L. Burts, and her infant child, Mary M. Burts, which is by and with the consent of the said John C. Burts, for their sole use. and benefit, separate and apart from the said John C. Burts, which is hereby attested by his proper sign manual — that is to say, if the five hundred and seventy-five dollars shall be paid to me on, or before the first day of January, 1862.
“June 30th, 1860. Signed, Robert Evans,
“Attest: "Wm. N. Clarkson. John C. Burts.”
The plaintiff' makes profert of the foregoing written instrument, in his declaration.
The defendant craved oyer of the “ writing sued on,” and setting it out in full, demurred to the declaration, because of the alleged variance between the “.writing” sued on as described in the declaration, and as it appears as set out in full in his demurrer. The variance is * alleged, in the demurrer, to consist in this: That the declaration states that defendant undertook and promised to pay to the plaintiff $1,200, &c.; whereas, “he, as shown by said writing, only promised and agreed to make a bill of sale for the slave mentioned, to the parties named, upon the payment to him of $575, on or *422 before the first day of January, 1862.” This demurrer was overruled, and defendant pleaded non-assumpsit and payment. Upon the trial, the jury rendered a verdict in favor of the defendant, and the plaintiff appeals in error to this Court.
There was no evidence offered in the Court below, upon the trial, except the writing sued on, and the bill of sale, of the same date, from plaintiff to defendant, for the negro. It recites that plaintiff sells to defendant the negro, Henderson, for $1,200, part of which is to be paid by Evans to third persons, to whom Burts is indebted, and the balance of the $1,200 is to be paid, one-half the first day of January, 1861, and the other-half the first day of January, 1862.
The Court charged the jury, that “the obligation or contract sued on in this cause, was a mortgage, and that plaintiff was not entitled to recover anything upon it whatever. This charge, we think, is erroneous, in several respects. If the contract sued on was a mortgage the demurrer of defendants should have been sustained. But we are of opinion that the action of the Circuit Judge in overruling the demurrer was correct.
The plaintiff, in making proferí of the instrument sued on, need not, in his declaration, allege or show more of it than is sufficient to show his right of action; and if, upon oyer craved, the writing sued on shows that the plaintiff has no cause of - action, then defendant may demur, and defeat the action.
The contract, or writing sued on, in this case, shows that defendant bought of plaintiff a negro slave, at the price of $1,200, and had paid $575 of the price, and *423 refers to the bill of sale for terms of sale. In the same instrument, Evans agrees, if the $575 are paid to him on or before the first day of January, 1862, he will make a bill of sale to said negro, to Mary L. Burts and her child, Mary. The bill of sale is in the usual form, specifying the time and manner of the payment of the purchase money ($1,200) for the negro.
The question upon which the rights of the parties turn, is, whether the writing sued on and the bill of sale, make this transaction a mortgage or a sale, with liberty to re-purchase. A mortgage is the conveyance of an estate or property, for the security of a debt, to become void on payment of it. 4 Kent, 136. By the common law, all estates, which were defeasible by the payment of money by the vendor, became absolute, if the money was not paid at the stipulated time, because the estate was considered as the thing contracted for, and the money as collateral thereto. This rigorous doctrine was so far modified, that, in cases where a pre-existing debt or a loan, made at the time of purchase, was the consideration of the conveyance, the debt was regarded as the thing contracted for, and the conveyance as collateral thereto; and, in these last named cases, the debtor, or the vendor, had the right to redeem, although the- day of payment had elapsed. 9 Yer., 172.
If the price of the property be settled and agreed upon, and if the vendor be not bound to repay the price received by him, "and if possession is delivered, the property and the title thereto passes to the vendee; and if he agree to re-convey, upon the payment to him, by the vendor, on a day ^certain, a given price, the transaction *424 is a sale, -with liberty to re-purchase, and not a mortgage. Such an agreement, however, entered into by the vendee, does not impose any obligation upon the vendor to- pay the stipulated price, but merely secures to him the privilege, by making the payment at the day specified, to re-purchase the property sold.
Note. — The form of the demurrer in this case precludes the objection that the terms of the contract to pay are only partially set out in the paper sued on, the payment by instalments and the time of payment being shown only by the bill of sale. — Rep.
Suppose the slave had died, the loss would have fallen on the vendee. He had received him, and bound himself to pay $1,200 for him, and held no obligation on the vendor to pay him anything, in any contingency; but had further obliged himself to convey the slave to Burts’ wife and daughter, if the money he had paid was re-paid to him on a certain day. Burts owed Evans nothing, borrowed no money from him, and had not bound himself to re-pay the amount received towards the slave. He had the election to do so or not, but Evans was bound to receive it, if tendered at the time specified: "We, therefore, hold, that the transaction, as disclosed in this record, was a sale, with liberty to repurchase, and not a mortgage.
Let the judgment be reversed, and the cause remanded for a new trial.